UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:25-CR-138-DPJ-ASH

ORVIN GIPSON

ORDER

On December 9, 2025, the federal grand jury returned an indictment against Defendant Orvin Gipson and others on drug-trafficking charges. Gipson is charged with a single count of conspiracy to possess with intent to distribute a detectable amount of cocaine. He was arrested and had an initial appearance before the undersigned on February 6, 2026. Gipson requested a detention hearing, which was held on February 13, 2026. After hearing testimony and argument, the Court ordered Gipson detained pending trial.

Specifically, the Court found that "[t]here is a rebuttable presumption" arising under 18 U.S.C. § 3142(e)(3)

> that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed . . . an offense for which the maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act.

Order [133] at 2. And while the Court found Gipson rebutted the presumption, it concluded that the Government proved both "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." *Id.* at 3.

Gipson now asks the Court to reconsider its detention order. Mot. [164]. Gipson explains that "[t]he Court's decision was primarily based on the assumption that because the cocaine was allegedly delivered to [D]efendant's home, he could, by inference, be distributing from the home and that house arrest could not address the concern." *Id.* at 1. Gipson's motion states that "both doors to the home have door cameras that could be accessed and monitored by United States Probation," and argues that this fact "address[es] the Court's concerns that no set of conditions could address the potential concern of danger to the community." *Id.* The Government opposes Gipson's motion. Resp. [165].

Gipson's motion arises under 18 U.S.C. § 3142(f)(2), which provides in relevant part that a detention

> hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that *was not known to the movant at the time of the hearing* and that has a material bearing on the issues whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

(Emphasis added). Under this section, "the movant must present information that is both new and material to [his] risk of flight or danger to the community." *United States v. King*, No. 3:21-CR-439, 2022 WL 2670277, at *3 (N.D. Tex. July 8, 2022) (citing *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010)). And "[c]onclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *United States v. Reddy*, No. 3:19-CR-597, 2020 WL 1862564, at *1 (N.D. Tex. Apr. 13, 2020).

Gipson's motion falls short. It does not claim or suggest that his house having doorbell cameras was a fact not known to him at the detention hearing. Indeed, it seems unlikely that he could make such a showing. He has not convinced the Court of the existence of *new* information

2

that has a bearing on whether there are conditions of release that will reasonably assure the safety of the community. *See Stanford*, 367 F. App'x at 510–11 (affirming refusal to reopen defendant's detention hearing where plan for armed, home detention was not asserted at the detention hearing but was based on information that would have been known to defendant at the time of the detention hearing). Gipson's motion is denied.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE